UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JUSTIN R. FORREST #355753,

    Plaintiff,

v.                                                                                 No.:   3:10-cv-495
                                                                                        (VARLAN/SHIRLEY)

COMMISSIONER GAYLE RAY
and WARDEN DAVID R. OSBORNE,

    Defendants.

## **MEMORANDUM AND ORDER**

The Court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the complaint was received. However, for the reasons stated below, process shall not issue and this action is **DISMISSED**.

Plaintiff is in the custody of the Tennessee Department of Correction (TDOC) and is confined in the Morgan County Correctional Complex (MCCX). The defendants are TDOC Commissioner Gayle Ray and MCCX Warden David R. Osborne. Plaintiff alleges that the prison librarian, Ms. Griffin, refused to make copies of certain documents that plaintiff needed as part of his habeas petition that he was preparing for filing in the federal court, and

that Ms. Griffin stated that Unit Manager Terry Arms told her not to make copies of the documents. Plaintiff alleges the deprivation of his rights to due process and equal rights, as well as the violation of his rights under the Sixth Amendment.

Plaintiff further alleges that as a result of his filing a grievance, defendants Ray and Osborne stated that copies of the documents should be made but that Ms. Griffin and Mr. Arms still refused to make the copies. Plaintiff does not name Ms. Griffin or Mr. Arms as defendants in this case, but instead claims that defendants Ray and Osborne should be liable for failing to make Ms. Griffin and Mr. Arms carry out their duties. Plaintiff seeks monetary damages and injunctive relief.

In a suit brought under § 1983, liability cannot be imposed solely on the basis of respondeat superior. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). The law is well-settled that a plaintiff must allege that a defendant official was personally involved in the unconstitutional activity of a subordinate in order to state a claim against such a defendant. *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982). "[L]iability cannot be based solely on the right to control employees." *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). "There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).

Not only does plaintiff not claim that defendants Ray and Osborne encouraged or approved the alleged unconstitutional conduct of Ms. Griffin or Mr. Arms in refusing to make copies, plaintiff admits that the defendants agreed that plaintiff was entitled to have the copies made. Moreover, the defendants' alleged failure to force Ms. Griffin and Mr. Arms to carry out their duties does not make them liable in a § 1983 action. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (simply failing to act after learning of a subordinate's unconstitutional conduct will not impose liability upon a supervisory official).

Although this Court is mindful that a *pro se* complaint is to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it is quite clear that the plaintiff has not alleged the deprivation of any constitutionally protected right, privilege or immunity, and, therefore, the Court finds his claims to be frivolous under 28 U.S.C. §§ 1915(e) and 1915A as to the named defendants. It appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief, *Malone v. Colyer*, 710 F.2d 258 (6th Cir. 1983), and that plaintiff's claim lacks an arguable basis in law and fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Therefore, this action is **DISMISSED** *sua sponte*, as frivolous and for failure to state a claim upon which relief can be granted under § 1983. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

Because the plaintiff is in the custody of the Tennessee Department of Correction, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Warden of the Morgan County Correctional Facility, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further

**DIRECTED** to forward a copy of this Memorandum and Order to the Court's financial deputy.

**E N T E R :**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE